RECEIVED
MAY 1 0 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                    CRIMINAL NUMBER 10-0233-05
                                                  JUDGE TOM STAGG

TROY WILSON

## MEMORANDUM ORDER

Before the court is a motion for new trial filed by the defendant, Troy Wilson ("Wilson"). See Record Document 239. As Wilson's motion is entitled "Motion For New Trial," the court will presume that the motion was filed pursuant to Federal Rule of Criminal Procedure 33.

On November 19, 2010, Wilson pleaded guilty to one count of a seventeen count indictment against him and eight others. See Record Documents 142 and 143. On March 16, 2011, Wilson was sentenced. See Record Documents 225 and 226. No objections were made to the presentence report, and Wilson was sentenced within the guideline range that was contained within the presentence report.

On April 20, 2011, Wilson filed the instant motion for new trial. Wilson complains of issues regarding his sentencing, challenging the loss amount and the application of points for a leadership role in the offense. He asserts that his trial counsel misunderstood the sentencing guidelines. He also appears to question the validity of his guilty plea based on his own misunderstandings.

"A motion for new trial is not available to [Wilson] because [he] pleaded guilty." United States v. Malkiewicz, 105 F.3d 655 (5th Cir. 1996) (citing United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991)). Wilson's guilty plea forecloses Rule 33 as a means of attacking the validity of his plea or the resulting conviction. See United States v. Hester, 202 F.3d 266 (5th Cir. 1999) (citing Williams v. United States, 290 F.2d 217, 218 (5th Cir. 1961)). This conclusion applies with equal force to Wilson's attempt to attack the validity of his sentence. Wilson's post-judgment motion is, therefore, construed as a motion for reconsideration. See Malkiewicz, 105 F.3d at 655.

A district court's authority to correct or modify a sentence is limited to the specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). The only possible applicable provision of this section is section 3582(c)(1)(B), which states that the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted [. . .] by Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582(c)(1)(B). Under Rule 35(a), the court may correct a sentence that resulted from arithmetical, technical or other clear error within fourteen days after sentencing.[1] See Fed. R. Crim. P. 35(a). Rule 35(c) provides that "sentencing" means the oral announcement of the sentence. In Wilson's case, his sentence was orally announced on March 16, 2011. The instant motion for new trial was not filed until

---

[1]In its opposition to Wilson's motion for new trial, the government incorrectly asserts that the time period for correcting a sentence pursuant to Rule 35(a) is seven days, as opposed to fourteen.

April 20, 2011, far beyond the fourteen day window.² Thus, Wilson's motion is untimely.

In addition, as the motion for new trial was filed after Wilson filed his notice of appeal, this court does not have jurisdiction to decide the motion. See United States v. Ceja, 387 F. App'x 441, 442 (5th Cir. 2010) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")). Accordingly;

**IT IS ORDERED** that the motion for new trial (Record Document 239) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 9th day of May, 2011.



JUDGE TOM STAGG

---

²On March 29, 2011, Wilson's trial counsel filed a document entitled "Defendant Troy Wilson's Motion For Extension Of Time To File Motion For New Trial." See Record Document 203. However, the substance of the motion sought a motion for extension of time to file a notice of appeal. The motion was moot, however, due to a delay in the filing of the judgment by the court, which resulted in the appeal delay not beginning to run until after the date of the requested extension of time by Wilson.